

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# Michael Rinaldi v. T. Sniezek

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Michael Rinaldi v. T. Sniezek" (2008). *2008 Decisions*. Paper 122.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3055
_____

MICHAEL RINALDI,
                                        Appellant
                        vs.

T. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-0679)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed: December 11, 2008)
_____

OPINION
_____

PER CURIAM.

        Michael Rinaldi appeals pro se from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241.  For the following reasons, we will summarily affirm.

1

In 1999, Rinaldi was convicted of various drug and firearms offenses, including conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine. See 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. §§ 924(c), 922(g)(1). He was sentenced to 248 months in prison. His direct appeal was unsuccessful. Rinaldi next filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied on the merits. In September 2003, we denied his request for a certificate of appealability. Thereafter, Rinaldi unsuccessfully pursued relief via motions filed under Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and an application to file a second or successive § 2255 motion.

Rinaldi filed another § 2241 petition in April 2008, raising only an "actual innocence" claim. In support of this claim, Rinaldi relied on portions of the trial transcript and affidavits from "numerous witnesses who each state petitioner was not involved in the charged conspiracy." The District Court dismissed the § 2241 petition without prejudice because Rinaldi had not shown that § 2255 was an inadequate or ineffective remedy for his claim. Rinaldi filed a timely motion for reconsideration, arguing that he should be permitted to raise an actual innocence claim based on an intervening change in the law after he filed his § 2255 motion. The District Court denied the reconsideration motion and Rinaldi filed this appeal.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v.

<u>United States</u>, 417 U.S. 333, 343 (1974).  A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention."  <u>See</u> 28 U.S.C. § 2255 ¶ 5.  A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.  <u>See Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)).

We agree with the District Court that Rinaldi has not demonstrated such a limitation in § 2255's scope or procedure here.  While he claims that he has presented newly discovered evidence that demonstrates his innocence, this evidence solely consists of trial transcripts and witness affidavits.  Of course, the testimony was available at trial.  In addition, Rinaldi does not argue, and there is no indication, that the information in the affidavits was unavailable at trial.  Finally, the District Court properly denied Rinaldi's motion for reconsideration because he did not identify an intervening change in the law that prevented him from raising an actual innocence claim in his first § 2255 motion.

3

Because the appeal does not present a substantial question, <u>see</u> I.O.P. 10.6., we will summarily affirm the judgment of the District Court.